IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRANA J. GILMORE, | ) | |
|                                  Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-473-KEW |
| | ) | |
| GRACO FISHING & RENTAL TOOLS, INC., | ) ) | |
|                                  Defendant. | ) | |

**SETTLEMENT CONFERENCE ORDER**

**PLEASE READ THIS ORDER CAREFULLY!**

U.S. Magistrate Judge Kimberly E. West has referred this case for a settlement conference and directed the Clerk to enter this Order.  MAGISTRATE JUDGE STEVEN P. SHREDER will act as a settlement judge who will not be involved in the actual trial of the case and who will assist in an objective appraisal and evaluation of the lawsuit.  The following are <u>mandatory</u> guidelines for the parties in preparing for the settlement conference.

The court submits the following reminders to settlement conference participants for the purpose of attempting to create a more consistent, disciplined settlement conference:

1. Pay particular attention to the area highlighted in portions of paragraphs 2, 7, 9, 11 and 13.

2. Counsel who will try the case (lead counsel) should be present for the settlement conference.

3. It is requested that non-party drivers in auto and/or truck accident cases be present for the settlement conference.

**1.    PURPOSE OF CONFERENCE**

The purpose of the settlement conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge of every aspect of the lawsuit.  This education process provides the advantage of permitting the settlement judge to privately express his or her views concerning the parties' claims.  The settlement judge may, in his or her discretion, converse with the lawyers, the parties, the insurance representatives or any one of them outside the hearing of the others.  Ordinarily, the settlement conference provides the parties with an enhanced opportunity to settle the case, due to the assistance rendered by the settlement judge.  The court prohibits communications to the media and dissemination of any information to the public that does not facilitate the terms of the settlement as contemplated by the parties.

**2.    FULL SETTLEMENT AUTHORITY REQUIRED**

In addition to counsel who will try the case being present, a person with full settlement authority must likewise be present for the conference.  This **requires** the presence of your client or, if a corporate entity, an authorized **non-lawyer** representative of your client.  If the issue in dispute involves insurance coverage, a claims representative must also be present.  An insurance company representative is not permitted to attend in lieu of an

individual or corporate defendant *(Note: para. 7 infra requires the defendant, at least 21 days prior to the settlement conference, to advise the plaintiff of the name, title, position and curriculum vitae of the defendant's settlement authority representative).*

For a defendant, such representative must have final settlement authority to commit the company to pay, in the representative's discretion, a settlement amount recommended by the settlement judge up to the plaintiff's prayer (excluding punitive damage prayers in excess of $100,000.00) or up to the plaintiff's last demand, whichever is lower.

For a plaintiff, such representative must have final authority, in the representative's discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the defendant's last offer.

The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. A governmental entity may be granted permission to proceed with a representative with limited authority upon proper application.

3. **EXCEPTION WHERE BOARD APPROVAL REQUIRED**

If Board approval is required to authorize settlement, attendance of the entire Board is requested. In the alternative, a Board may designate one sitting member of the Board (preferably the Chairman) to represent the Board, if the Board gives, by binding resolution, the said representative full settlement authority as described in paragraph 2.

4. **APPEARANCE WITHOUT CLIENT PROHIBITED**

Counsel appearing without their clients (whether or not you have been given settlement authority) will cause the conference to be canceled and rescheduled. Counsel for a government entity may be excused from this requirement upon proper application.

5. **AUTHORIZED INSURANCE REPRESENTATIVE(S) REQUIRED**

Any insurance company that (1) is a party, (2) can assert that it is contractually entitled to indemnity or subrogation out of settlement proceeds, or (3) has received notice or a demand pursuant to an alleged contractual requirement that it defend or pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, in the representative's discretion, an amount recommended by the settlement judge within the policy limits.

The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior. An insurance representative authorized to pay, in his or her discretion, up to the plaintiff's last demand will also satisfy this requirement.

6. **ADVICE TO NON-PARTY INSURANCE COMPANIES REQUIRED**

Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this order.

7. **PRE-CONFERENCE DISCUSSIONS REQUIRED**

Prior to the settlement conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, and opposing parties are directed to discuss settlement so the parameters of settlement have been explored well in advance of the settlement conference. **This requires the following:**

**Twenty-eight days** prior to the settlement conference, plaintiff must tender a written settlement offer to the defendant and the assigned settlement judge.

**Twenty-one days** prior to the settlement conference, each defendant must make and deliver a written response to plaintiff and the assigned settlement judge. That response may either take the form of a written substantive offer, or a written communication that a defendant declines to make any offer. Each defendant's response will also include the name, title, position, as well as curriculum vitae, of defendant's final settlement authority representative. In the event plaintiff has any question about the settlement authority of defendant's representative that cannot be resolved by informal communication with defendant's counsel, then plaintiff should notify the settlement judge by written objection ten days prior to the settlement conference date; defendant's counsel should be provided a copy of said objection.

The parties are advised that the settlement offers called for in this Settlement Conference Order are not filed in the court file and, therefore, may be submitted directly to the settlement judge in any one of the following ways:

(1) Electronically:   StlmtConf_OKED@oked.uscourts.gov

(2) Fax:   (918) 684-7961

(3) Mail:   U.S. Magistrate Judge Steven P. Shreder
   P. O. Box 7002
   Muskogee, OK   74402-7002

Silence or failure to communicate as required is not itself a form of communication which satisfies these requirements.

**8.   SETTLEMENT CONFERENCE STATEMENT REQUIRED**

One copy of each party's settlement conference statement must be submitted directly to the settlement judge. The parties are advised that the settlement statements called for in this Settlement Conference Order are not filed in the court file and, therefore, may be submitted directly to the settlement judge in any one of the ways listed above.

Settlement Conference Statements must be submitted no later than **July 8, 2015**.

Your statement should set forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that may have been conveyed. Copies of your settlement conference statement are to be promptly transmitted to all counsel of record.

The settlement conference statement may not exceed five (5) pages in length and will not be made a part of the case file. Lengthy appendices should not be submitted. The parties are encouraged to make use of demonstrative exhibits, photographs, videos, and video depositions. The court has adequate VCR and television equipment available for use by the parties.

**9.    INSURANCE COVERAGE AFFIDAVITS**

The parties are to provide the court, not later than 14 days prior to the settlement conference, affidavits identifying **all** insurance coverage, if any, and stating the amount of coverage. These should be sent to the settlement judge in any one of the ways listed in paragraph 7, and not filed of record in this case.

**10.   CONFIDENTIALITY STRICTLY ENFORCED**

Neither the settlement conference statements nor communications of any kind occurring during the settlement conference can be used by any party with regard to any aspect of the litigation or trial of the case. Strict confidentiality shall be maintained with regard to such communications by both the settlement judge and the parties.

**11.   CONTINUANCES**

Requests for continuance of the settlement conference will not be entertained unless a **Motion for Continuance** is filed with the Court Clerk **at least seven (7) days prior to the scheduled conference**. Any such motion must contain both a statement setting forth good cause for a continuance and a recitation of whether or not the continuance is opposed by any other party. A courtesy copy of the motion should be provided to the settlement judge.

**12.   SETTING**

The settlement conference is set on **July 22, 2015 at 10:00 a.m.**, U.S. Courthouse, Fifth and Okmulgee Streets, Muskogee, Oklahoma. PARTIES and COUNSEL are to check in at Judge Shreder's Chambers, Room 425 of the U.S. Courthouse, and will be directed to the proper room for the settlement conference at that time.

**13.   NOTIFICATION OF PRIOR SETTLEMENT REQUIRED**

In the event a settlement between the parties is reached before the settlement conference date, the parties are to notify the settlement judge immediately.

**14.   CONSEQUENCES OF NON-COMPLIANCE**

Upon certification by the settlement judge of circumstances showing non-compliance with this Order, the assigned trial judge may take any corrective action permitted by law. Such action may include contempt proceedings and/or assessment of costs, expenses and attorney fees, together with any additional measures deemed by the court to be appropriate under the circumstances.

Dated: 2/17/2015.

_____
KIMBERLY E. WEST
U.S. MAGISTRATE JUDGE